UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HERIBERTO PADILLA,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-448

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on respondent's motion to dismiss.  (Doc. 6).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On May 11, 2011, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with one count each of trafficking in cocaine and conspiracy.  (Doc. 5, Ex. 1). Petitioner pled not guilty to all charges.  (Doc. 5, Ex. 2).

On January 23, 2012, following a jury trial, petitioner was found guilty of all charges. (Doc. 5, Ex. 4).  Petitioner received a prison sentence of eleven years in the Ohio Department of Corrections for the trafficking in cocaine conviction.  (Doc. 5, Ex. 7).  The conspiracy conviction was merged with the trafficking count for the purpose of sentencing.

### Direct Appeal

On March 7, 2012, petitioner, through counsel, filed a direct appeal to the Ohio Court of Appeals from petitioner's conviction and sentence.  (Doc. 5, Ex. 8, 9).  Petitioner raised the following two assignments of error:

1. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of trafficking in cocaine and conspiracy, as those findings were not supported by sufficient evidence.

2. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of trafficking in cocaine and conspiracy, as those findings were contrary to law.

(Doc. 5, Ex. 9). On February 1, 2013, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed his conviction and sentence. (Doc. 5, Ex. 11).[1]

## Ohio Supreme Court

On February 15, 2013, petitioner, through counsel, appealed from the Ohio Court of Appeals' decision overruling his assignments of error. (Doc. 5, Ex. 12). Petitioner raised the following two propositions of law:

1. The jury erred to the prejudice of the Appellant by finding him guilty of trafficking in cocaine and conspiracy, as those findings were not supported by sufficient evidence, and the State failed to meet its burden of proof.

2. The jury erred to the prejudice of the Appellant by finding him guilty of trafficking in cocaine and conspiracy, as those findings were contrary to law, and were against the manifest weight of the evidence.

(Doc. 5, Ex. 13). On May 8, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 5, Ex. 15).

## Post-Conviction Motion

On June 24, 2013, petitioner filed a pro se post-conviction petition pursuant to Ohio Rev. Code § 2953.21. (Doc. 5, Ex. 16). Petitioner raised one assignment of error in the petition:

Trial counsel violated the Sixth Amendment to the United States Constitution by his ineffectiveness by not notifying his client of an offered Plea Agreement by the Prosecution.

(*Id.* at PageID 2). On June 27, 2013 the trial court denied the petition. (Doc. 5, Ex. 17).

---

[1] The appeals court remanded the case for the purpose of imposing a driver's license suspension, fines, and costs mandated by statute. (Doc. 5, Ex. 11 at PageID 191–92).

2

On October 16, 2013, petitioner appealed from the denial of his post-conviction petition. He filed a motion for a delayed appeal pursuant to Ohio App. R. 5(A) and a motion for the appointment of counsel to the Ohio Court of Appeals. (Doc. 5, Ex. 18, 19). On November 14, 2013, the Ohio Court of Appeals granted petitioner's motion for leave to appeal and overruled the motion for the appointment of counsel. (Doc. 5, Ex. 21, 22). Petitioner raised the following single assignment of error in his appellate brief:

> TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO NOTIFY HIS CLIENT OF A PLEA OFFER BY THE PROSECUTION IN VIOLATION OF THE APPELLANT'S 6TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION

(Doc. 5, Ex. 23).

On December 12, 2014, over a year later, the appeals court entered a judgment entry modifying the trial court's judgment denying the post-conviction petition. The Ohio appeals court found that the trial court lacked jurisdiction to consider the post-conviction petition because it was untimely and petitioner did not meet the statutory exception for a late filing. (Doc. 5, Ex. 25). The Ohio Court of Appeals modified the trial court's order to reflect a dismissal of the petition.

On December 29, 2014, petitioner filed a motion for reconsideration, which was overruled on January 14, 2015. (Doc. 5, Ex. 26, 28).

Petitioner filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court on February 12, 2015. (Doc. 5, Ex. 29, 30). The state supreme court declined jurisdiction over the appeal on May 20, 2015. (Doc. 5, Ex. 32).

**Federal Habeas Corpus**

Petitioner field the instant petition on July 5, 2015.[2] (Doc. 2). Petitioner raises the following three grounds for relief in the petition:

> GROUND ONE: First assignment of error and ground for relief is the jury erred to the prejudice of the petitioner by finding him guilty of trafficking in cocaine and conspiracy as the finding[s] were not supported by sufficient evidence.
>
> GROUND TWO: Second assignment of error and ground for relief is the jury erred to the prejudice of the petitioner by finding him guilty of trafficking in cocaine and conspiracy as the findings were contrary to law.
>
> GROUND THREE: Third assignment of error and ground for relief is trial counsel provided ineffective assistance of counsel by failing to notify his client of a proffered plea agreement by the prosecution in violation of the petitioner's right guaranteed in the 6th and 14th Amendments to the United States Constitution.

(Doc. 2, PageID 75, 76, 78).

Respondent has filed a motion to dismiss, arguing that the habeas petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. 6).

## II. THE MOTION TO DISMISS SHOULD BE GRANTED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The petition was filed with the Court on July 6, 2015. (Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on July 5, 2015. (*See* Doc. 1 at PageID 13; Doc. 2, at PageID 83). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on July 5, 2015.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review." No evidence in the record suggests that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims. Petitioner has not demonstrated that a State created impediment prevented him from filing the instant petition[3] or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at or before trial. Since petitioner was aware of the facts underlying his claims by the close of the trial court proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on August 6, 2013 upon expiration of the 90-day period for filing an appeal to the United States Supreme Court from the Ohio Supreme Court's May 8, 2013 entry declining jurisdiction over petitioner's appeal. *See*

---

[3] As discussed in assessing whether petitioner is entitled to equitable tolling, petitioner argues that he has been denied Spanish language materials, a translator, and legal assistance. Petitioner argues that under 2244(d)(1)(B) these amount to impediments that have yet to be addressed. (*See* Doc. 10, at PageID 337). However, these impediments did not prevent petitioner from filing the instant petition.

5

*Gonzalez v. Thaler,* __ U.S. __, 132 S.Ct. 641, 653–54 (2012) (holding as suggested in *Clay v. United States*, 537 U.S. 522, 527, 529 (2003) and *Jimenez v. Quarterman*, 555 U.S. 113, 119–21 (2009), that "conclusion of direct review" under § 2244(d)(1)(A) occurs when (1) the Supreme Court "affirms a conviction on the merits or denies a petition for certiorari" or (2) "the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). The statute commenced running on August 7, 2013, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on August 7, 2014, absent the application of statutory or equitable tolling principles.

During the one-year limitations period petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not

6

subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, petitioner does not benefit from statutory tolling. Petitioner first filed a post-conviction petition on June 24, 2013, which was denied on June 27, 2013, prior to the date upon which his conviction became file by the end of direct review. Additionally, as found by the Ohio Court of Appeals in the subsequent appeal, the post-conviction petition was untimely and therefore not properly filed. (*See* Doc. 5, Ex. 25).

Petitioner's October 16, 2013 delayed appeal was also not properly filed and did not toll the limitations period. Although petitioner filed his delayed appeal pursuant to Ohio App. R. 5(A), delayed appeals are not available from the denial of a post-conviction petition under 2953.29(B), *see State v. Nichols*, 462 N.E.2d 375 (Ohio 1998), and petitioner already had a direct appeal. *See Keener v. Ridenour*, 594 F.2d 581, 586 (6th Cir. 2001) ("There is nothing in Rule 5(A) that suggests a right to a delayed appeal in addition to a direct appeal. Rather, Rule 5(A) explicitly requires the party seeking a delayed appeal to show cause why no timely direct appeal was perfected."); *Collins v. Perini,* 594 F.2d 592 (6th Cir. 1979) ("an Ohio state prisoner does not have an available remedy by a delayed appeal following a timely direct appeal"). The fact that the Ohio Court of Appeals accepted the appeal before finding that the trial court did not have jurisdiction over the petition, does not result in the limitations being tolled during the pendency of the appeal. As the Supreme Court emphasized in *Artuz v. Bennett*, 531 U.S. 4, 9 (2000), "an application erroneously accepted by the clerk of a court lacking jurisdiction . . . or without the requisite fee . . . will be *pending,* but not *properly filed.*" *Cf. Rodriguez v. McQuidgen*, Case No. 08-cv-13263, 2009 WL 2742004, at *14 n.2 (E.D. Mich. Aug. 25, 2009) (noting that the fact that the court clerk accepted a motion that was not properly filed and rejected the motion on the

merits to be "irrelevant to the statutory tolling issue under §2244(d)(2)").  Because there was no basis under Ohio law for petitioner's untimely appeal of the trial court's denial of his post-conviction petition, it was not properly filed and does not toll the limitations period.  *See Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

Finally, petitioner's subsequent appeal to the Ohio Supreme Court was also not properly filed.  Petitioner had forty five days to appeal the Ohio Court of Appeals' December 12, 2014 decision.  However, petitioner waited until February 12, 2015—sixty two days later—to file his appeal.  The untimely motion therefore also does not toll the limitations period.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."  *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  Equitable tolling is granted "sparingly."  *Id.* (quoting *Robertson*, 624 F.3d at 784).  A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418.  Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.  *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)).  "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit."  *Id.*; *see also*

*Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. Petitioner first contends that he is entitled to equitable tolling due to his language deficiencies, noting that he can neither read nor write in English and that he has been denied Spanish language legal materials/assistance.  (*See* Doc. 10 at PageID 337).  However, the Sixth Circuit has held that "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations."  *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2011).  The record and procedural history in this case demonstrate that petitioner was not prevented from accessing the courts.

Second, even assuming that the Ohio Court of Appeals' one-year delay in ruling on petitioner's delayed appeal motion was an extraordinary circumstance, petitioner has not demonstrated that he has been pursuing his rights diligently.  Petitioner's June 24, 2013 post-conviction petition, his October 16, 2013 motion for a delayed appeal, and his February 12, 2015 appeal to the Ohio Supreme Court were all untimely.  Furthermore, petitioner waited approximately seven months to file his habeas petition after the Ohio Court of Appeals determined that the trial court did not have jurisdiction over his post-conviction petition. Petitioner's choice to proceed in the state court demonstrates that he was not diligent in pursuing his federal rights.  *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence").  Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

9

Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED** and the instant habeas corpus petition (Doc. 1), filed well after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

10

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

HERIBERTO PADILLA,  
    Petitioner,

vs.

WARDEN, CHILLICOTHE  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:15-cv-448

Dlott, J.  
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).